IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PATRICE V.H. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-371-JTA |
| | ) | (WO) |
| FRANK BISIGNANO,[1] Commissioner | ) | |
| of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Patrice V.H. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.) [2] The Commissioner denied Plaintiff's claim for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's brief in support of her Complaint (Doc. No. 10) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint (Doc. No. 11) as a motion for summary judgment. The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 8, 9.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. See Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

After careful scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be GRANTED, the Commissioner's motion for summary judgment is due to be DENIED, the decision of the Commissioner is due to be REVERSED, and this matter is due to REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.       PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult woman,[3] with a high school education and prior work experience as a safety and health technician. (R. 220.) She alleged a disability onset date of April 30, 2021, due to severe depression and anxiety. (R. 219.)

On July 27, 2021, Plaintiff protectively filed a Title II (42 U.S.C. §§ 401, *et seq.*) application for a period of disability and DIB. (R. 201.) Plaintiff's claim was denied initially and upon reconsideration. (R. 87, 99.) Plaintiff requested an administrative hearing on July 11, 2022. (R. 104.) Following an administrative hearing, the Administrative Law Judge ("ALJ") denied Plaintiff's request for a period of disability and DIB in a decision dated September 11, 2023. (R. 17–32.)

Plaintiff requested review by the Appeals Council, and it denied review. (R. 1–6.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] reviews[s] the ALJ's decision as the Commissioner's final decision.").

---

[3] Plaintiff was 63 years old at the alleged disability onset date. (R. 201.)

On June 24, 2024, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 10, 11, 14.)

This matter is ripe for review.

## II.    STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of

fact and are reviewed *de novo. Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

### III.    STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB must prove that she is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds

that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy

5

that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

## IV.    ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 19.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: major depressive disorder and anxiety disorder. (R. 20.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform a full range of work at all exertional levels, but with the following non-exertional limitations:

> [Plaintiff] is limited to performing unskilled work activity defined as simple routine tasks, involving no more than simple short instructions, and making simple work[-]related decision[s] with few workplace changes and routine supervision. [Plaintiff] is limited to more than occasional interactions with coworkers and [the] general public.

(R. 22.) In determining the RFC, the ALJ found Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely consistent" with the medical evidence and other evidence of record. (R. 25.)

Considering Plaintiff's RFC, the ALJ concluded she is unable to perform any past relevant work. (R. 30.) Nonetheless, the ALJ determined there are a significant number of jobs in the national economy Plaintiff can perform given her age, education, work experience, and RFC. (R. 31.)

The ALJ further concluded Plaintiff had not been under a disability from April 30, 2021, to September 11, 2023, the date of the ALJ's decision. (R. 31.) The ALJ found that based on the application for a period of disability and DIB, Plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act. (*Id*.)

## V.    DISCUSSION

Plaintiff presents two arguments in this appeal. (Doc. No. 10 at 1.) First, Plaintiff argues the ALJ erred in her evaluation of the opinions of Dr. Abolade, Plaintiff's treating psychiatrist. Second, Plaintiff avers the ALJ erred in her evaluation of Plaintiff's statements regarding the nature and limiting effects of her mental illness. (Doc. No. 10 at 12.) Because the Court concludes the ALJ failed to sufficiently evaluate Dr. Abolade's opinions, the Court will not address Plaintiff's argument about the nature and limiting effects of her mental illness.

The Commissioner responds substantial evidence supports the ALJ's evaluation of opinion evidence, including Dr. Abolade's opinion. (Doc. No. 11 at 4.) The Commissioner

avers the ALJ discussed both the supportability and consistency of Dr. Abolade's opinions, and that the Plaintiff is inviting the Court to reweigh the evidence. (*Id*. at 9.)

Plaintiff replies that ALJ erred by considering Plaintiff's improvement with treatment while discounting Dr. Abolade's opinion because episodic improvement after treatment does not mean an individual can work. (Doc. No. 14 at 2.) Plaintiff further replies she is not asking the court to reweigh the evidence, but rather highlighting the ALJ's mischaracterization of evidence. (*Id*. at 4.)

When considering medical evidence, the ALJ will not defer or give evidentiary weight to any medical opinion or prior administrative finding.[4] 20 C.F.R. § 404.1520c(a). The ALJ must determine the persuasiveness of medical opinions and prior administrative findings by considering (1) supportability, (2) consistency, (3) treatment relationship, (4) specialization, and (5) other factors. *Id*. § 404.1520c(c)(1)–(5). Supportability and consistency are the most important factors. *Id*. § 404.1520c(b)(2). The ALJ must articulate how she considered the supportability and consistency factors, but is not required to address the remaining factors. *Id*. Supportability refers to the principle that the "more relevant the objective medical evidence and supporting explanations **presented by a medical source** are to support his or her medical opinion(s) or prior administrative medical finding(s)," the more persuasive it will be. *Id.* § 404.1520c(c)(1) (emphasis added).

---

[4] As both parties correctly note, ALJs were previously instructed to defer to the medical opinions of treating physicians. *Harner v. Soc. Sec. Admin., Comm'r*, 38 F.4th 892, 896 (11th Cir. 2022). In 2017, the Commissioner eliminated the treating-physician rule for claims filed on or after March 27, 2017. *Id.* at 896–97. Because Plaintiff's claim was filed after March 27, 2017, the treating-physician rule does not apply.

Consistency means the more consistent a medical opinion or prior administrative medical finding is "with evidence **from other medical sources and nonmedical sources** in the claim," the more persuasive it will be. *Id.* § 404.1520c(c)(2) (emphasis added). This means the "persuasiveness analysis should turn on whether the medical source's opinion is (1) supported by the source's own records and (2) consistent with other evidence of record." *Cayce v. Kijakazi*, No. 3:20-cv-797-JTA, 2022 WL 904988, at *5 (M.D. Ala. Mar. 28, 2022) (quotation omitted).

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel*, 631 F.3d at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam)). However, "there are no magic words to state with particularity the weight given to medical opinions or the reasons for discounting them." *Raper v. Comm'r of Soc. Sec.*, 89 F.4th 1261, 1276 n. 14 (11th Cir. 2024). "What matters is whether the ALJ states with at least some measure of clarity the grounds for his or her decision." *Id.* (citation omitted).

Here, the ALJ stated she was not "fully persuaded" by Dr. Abolade's Mental Medical Source Statement and Supplemental Questionnaire. (R. 28.) The ALJ found Dr. Abolade's opinions that Plaintiff had marked impairments and extreme impairments not fully consistent with Dr. Abolade's examinations.[5] (*Id.*) To support her conclusion, the ALJ

---

[5] Specifically, the ALJ found Dr. Abolade's opinions that Plaintiff had a (1) marked impairment in the ability to relate to other people; understand, remember, and carry out instructions; respond appropriately to supervisors; respond appropriately to co-workers; respond to customary work pressures; perform complex, repetitive, or varied tasks; and (2) an extreme impairment in her ability to respond appropriately to the public and respond appropriately to changes in the work setting was not fully consistent with Dr. Abolade's treatment records. (R. 28.)

cited to Dr. Abolade's treatment records that show Plaintiff presented as friendly, communicative, well groomed, and relaxed. (*Id*.) The ALJ further cited to evidence in three exhibits, all from Dr. Abolade, to support her conclusion Dr. Abolade's opinions were not fully persuasive. (R. 29.) The ALJ did not mention other medical sources or hearing testimony while discussing the persuasiveness of Dr. Abolade's opinions. (*See* R. 28–29.)

Although there are no magic words the ALJ must use, she must explain with some clarity how she considered the supportability *and* consistency factors for each medical source. *See Raper*, 89 F.4th at 1276 n. 14; 20 C.F.R. § 404.1520c(b)(2). While the ALJ discussed the supportability of Dr. Abolade's opinions, she did not discuss the opinions' consistency with "evidence from other medical sources and nonmedical sources in the claim." 20 C.F.R. § 404.1520c(c)(2). The Commissioner avers the ALJ "noted Dr. Abolade's opinions were inconsistent with other evidence of record, including treatment records from Dr. Majure's consultative evaluation." (Doc. No. 11 at 9.) The Court is unpersuaded. Although the ALJ provided a summary of Dr. Majure's treatment records, the summary occurred before the ALJ found Dr. Majure's opinions not fully persuasive.[6] (R. 27.) The ALJ did not mention or discuss Dr. Majure's treatment records while discounting Dr. Abolade's opinions. (R. 28–29.) Nor did the ALJ discuss evidence from any other medical or nonmedical source when discounting Dr. Abolade's opinions.[7] The regulations

---

[6] The ALJ found Dr. Majure's opinions not fully persuasive because they were inconsistent with Plaintiff's testimony about the limiting effects of her symptoms. (R. 27.)

[7] Later, the ALJ used Dr. Abolade's treatment records and Plaintiff' hearing testimony to discount the opinions of two state agency consultants, both of whom found Plaintiff unimpaired in all areas.

are clear: an ALJ "will **explain how** [they] considered the supportability and consistency factors for a medical source's medical opinions[.]" 20 C.F.R. § 404.1520c(b)(2) (emphasis added). Because the ALJ failed to explain with clarity whether Dr. Abolade's opinions were consistent with other medical sources and nonmedical sources in the claim, the Court cannot determine whether substantial evidence supports the ALJ's decision. *See Ellenberg v. Bisignano*, No. 2:24-cv-890-CLM, 2025 WL 1813225, at *5 (N.D. Ala. July 1, 2025) (remanding the case to the Commissioner because, although the ALJ addressed consistency, the ALJ failed to address the supportability factor when discounting a medical opinion); *Sands v. O'Malley*, No. 4:23-cv-163-CLM, 2024 WL 420137, at *5 (N.D. Ala. Feb. 5, 2024) (same).

Although Plaintiff argues Dr. Abolade's opinions are consistent with other evidence in the record and supported by Dr. Abolade's own records, the Court cannot decide facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *See Dyer*, 395 F.3d at 1210. Accordingly, this case is due to be remanded to the Commissioner to fully explain the consistency factor of Dr. Abolade's opinions, as the regulations require. *See Ellenberg*, 2025 WL 1813225, at *5; *Sands*, 2024 WL 420137, at *5.

---

(R. 29–30.) Although this shows the ALJ considered the consistency of the state agency opinions with other evidence in the record, it is insufficient to show the ALJ considered the consistency of Dr. Abolade's opinions. The regulations require the ALJ to discuss the consistency and supportability of each medical source. 20 C.F.R. § 404.1520c(b)(1). Furthermore, the ALJ used Dr. Abolade's treatment records to discount the state agency consultants' assessments that Plaintiff was unimpaired, which does not provide clarity on why the ALJ found Dr. Abolade's opinions not fully persuasive.

## VI.    CONCLUSION

For the reasons stated, the Court finds that the decision of the Commissioner is not supported by substantial evidence. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 10) is GRANTED.

2. The Commissioner's motion for summary judgment (Doc. No. 11) is DENIED.

3. The decision of the Commissioner is REVERSED.

4. This matter is REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

A separate judgment will issue.

DONE this 2nd day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE